Georgia A. Staton, Bar #004863
Ravi V. Patel, Bar #030184
JONES, SKELTON & HOCHULI P.L.C.
40 N Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1752
Fax: (602) 200-7854
gstaton@jshfirm.com
rpatel@jshfirm.com

Attorneys for Defendant Jason McClelland

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Brittney Fountain, an individual,<br><br>                        Plaintiff,<br><br>v.<br><br>State of Arizona, a body politic; Jason McClelland, an individual, on his own behalf and on behalf of his martial community, Jeffrey Van Winkle, an individual, on his own behalf and on behalf of his marital community; Charles Ryan, an individual, on his own behalf and on behalf of his martial community; and David Shinn, on his own behalf and on behalf of his martial community,<br><br>                        Defendants. | No. 2:21CV00356-JJT<br><br>**Separate Answer on Behalf of Defendant Jason McClelland**<br><br>**(Assigned to the Honorable John J. Tuchi)** |

Jason McClelland by and through counsel undersigned, for his Answer to Plaintiff's Complaint admits, denies and alleges as follows:

1. Defendant denies each and every allegation not otherwise admitted or pled to.

2. In answering Paragraph 1 of Plaintiff's Complaint, Defendant admits same.

3. In answering Paragraph 2 of Plaintiff's Complaint, Defendant admits same.

4. In answering Paragraph 3 of Plaintiff's Complaint, Defendant admits same.

9333607.1

5. In answering Paragraph 4 of Plaintiff's Complaint, Defendant admits only that Jason McClelland was at times employed by the State of Arizona in its Department of Corrections, Rehabilitation and Reentry as a correctional sergeant.  The remainder of this paragraph is a legal conclusion for which no answer is required and none is given.

6. In answering Paragraph 5 of Plaintiff's Complaint, Defendant admits only that Jeffrey Van Winkle was employed by the State of Arizona as a Warden for the Arizona State Prison Complex.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining matters asserted therein and therefore demands strict proof thereof.

7. In answering Paragraph 6 of Plaintiff's Complaint, Defendant admits only that Charles Ryan was employed by the State of Arizona as the Director of the Arizona Department of Corrections.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining matters asserted therein and therefore demands strict proof thereof.

8. In answering Paragraph 7 of Plaintiff's Complaint, Defendant admits only that David Shinn is the Director of the Arizona Department of Corrections.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining matters asserted therein and therefore demands strict proof thereof.

9. In answering Paragraphs 8 and 9 of Plaintiff's Complaint, said paragraphs refer to someone other than this answering Defendant.  No answer is required and none is given.

10. In answering Paragraph 10 of Plaintiff's Complaint, Defendant admits same.

11. In answering Paragraph 11 of Plaintiff's Complaint, Defendant admits same.

12. In answering Paragraphs 12 and 13 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth of the matters asserted therein and therefore demands strict proof thereof.

9333607.1

13. In answering Paragraph 14 of Plaintiff's Complaint, Defendant acknowledges that Plaintiff has demanded a trial by jury as to all triable matters.

14. In answering Paragraph 15 of Plaintiff's Complaint Defendant admits same.

15. In answering Paragraphs 16, 17, 18, 19, 20 of Plaintiff's Complaint, Defendant declines to answer said paragraphs based upon invocation of his rights pursuant to the Fifth Amendment to the United States Constitution.

16. In Answering Paragraph 21 of Plaintiff's Complaint, Defendant declines to answer said paragraph based upon invocation of his rights pursuant to the Fifth Amendment to the United States Constitution.

17. In answering Paragraphs 22, 23, and 24, Defendant admits only that at times he was a member of the Tactical Support Unit, and that members of the Unit at times had access to certain restricted areas within the ASPC Florence prison complex.

18. In answering Paragraphs 25, 26, 27, 28, 29, 30, 31 and 32 of Plaintiff's Complaint, Defendant declines to answer said paragraphs based upon invocation of his rights pursuant to the Fifth Amendment to the United States Constitution.

19. In answering Paragraph 33 of Plaintiff's Complaint, Defendant admits same.

20. In answering Paragraphs 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45 and 46 of Plaintiff's Complaint, Defendant declines to answer said paragraphs based upon invocation of his rights pursuant to the Fifth Amendment to the United States Constitution.

21. In answering Paragraphs 47, 48, 49, and 50 of Plaintiff's Complaint, Defendant declines to answer said paragraphs based upon invocation of his rights pursuant to the Fifth Amendment to the United States Constitution.

22. In answering Paragraphs 51 and 52 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth of Plaintiff's allegations regarding what she felt or believed and therefore demands strict proof thereof. To the extent that these paragraphs attempt to allege an act or omission on the part of

9333607.1

Defendant, Defendant declines to answer said paragraphs based upon invocation of his rights pursuant to the Fifth Amendment to the United States Constitution.

23. In answering Paragraph 53 of Plaintiff's Complaint said paragraph refers to someone other than this answering Defendant. No answer is required and none is given.

24. In answering Paragraph 54, of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth of Plaintiff's allegations regarding what she felt or believed and therefore demands strict proof thereof. To the extent that these paragraphs attempt to allege an act or omission on the part of Defendant, Defendant declines to answer said paragraph based upon invocation of his rights pursuant to the Fifth Amendment to the United States Constitution.

25. In answering Paragraph 55 of Plaintiff's Complaint, Defendant admits same.

26. In answering Paragraphs 56, 57, 58, 59 and 60 of Plaintiff's Complaint, Defendant declines to answer said paragraphs based upon invocation of his rights pursuant to the Fifth Amendment to the United States Constitution.

27. In answering Paragraphs 61, 62, 63, 64, 65, 66, 67, 68, 69, and 70 of Plaintiff's Complaint, Defendant admits only that an investigation by the ADOC Criminal Investigations Unit took place and that he was arrested on August 6, 2020. Defendant declines to answer said paragraphs further based upon invocation of his rights pursuant to the Fifth Amendment to the United States Constitution.

28. In answering Paragraphs 71, 72, 73, 74 and 75 of Plaintiff's Complaints said paragraphs refer to someone other than this answering Defendant. No answer is required and none is given.

29. In answering Paragraphs 76, 77, and 78 of Plaintiff's Complaint, Defendant admits only that he resigned his employment on ADOC on August 11, 2020, and that he was named in an indictment on August 12, 2020, which was amended on November 13, 2020. Defendant affirmatively asserts that he has pled not guilty to the allegations.

9333607.1

Defendant declines to further answer said paragraphs based upon invocation of his rights pursuant to the Fifth Amendment to the United States Constitution.

30. In answering Paragraphs 79 and 80 of Plaintiff's Complaint, Defendant declines to answer said paragraphs based upon invocation of his rights pursuant to the Fifth Amendment to the United States Constitution.

## COUNT ONE
### Title VII – Sex Discrimination/Hostile Work Environment
### (Defendant State of Arizona)

31. In answering Paragraph 81 of Plaintiff's Complaint, Defendant incorporates by reference his response to paragraphs 1 through 80 as if fully set forth herein.

32. In answering Paragraphs 82, 83, 84, 85, 86, 87, 88 and 89 of Plaintiff's Complaint, said paragraphs refer to someone other than this answering Defendant. Defendant further declines to answer said paragraphs based upon invocation of his rights pursuant to the Fifth Amendment to the United States Constitution.

## COUNT TWO
### 42 U.S.C. §1983 – Equal Protection
### (Defendant Jason McClelland)

33. In answering Paragraph 90 of Plaintiff's Complaint, Defendant incorporates by reference his response to paragraphs 1 through 89 as if fully set forth herein.

34. In answering Paragraphs 91, 92, 93, and 94 of Plaintiff's Complaint, Defendant declines to answer said paragraphs based upon invocation of his rights pursuant to the Fifth Amendment to the United States Constitution.

35. In answering Paragraphs 95 and 96, Defendant declines to answer said paragraphs based upon invocation of his rights pursuant to the Fifth Amendment to the United States Constitution.

## COUNT THREE
### 42 U.S.C. § 1983 – Ratification
### (Defendants Van Winkle, Ryan and Shinn)

36. In answering Paragraph 97 of Plaintiff's Complaint, Defendant incorporates by reference his response to Paragraphs 1 through 96 as if fully set forth herein.

9333607.1

37. In answering Paragraphs 98, 99, 100, 101, 102, 103, 104, 105, 106 and+ 107 of Plaintiff's Complaint said paragraphs refer to someone other than this answering Defendant. No answer is required and none is given. Defendant further declines to respond based upon invocation of his rights pursuant to the Fifth Amendment to the United States Constitution.

## AFFIRMATIVE DEFENSES

As and for an affirmative defense and in the alternative Defendant asserts:

1. Punitive damages are barred against an individually named Defendant in their official capacity pursuant to *Smith v. Wade,* 103 S.Ct. 1625 (1983*).*

2. Plaintiff's Complaint is barred, in whole or in part, by the statute of limitations.

3. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

4. Defendant is entitled to qualified immunity with regard to the claims asserted against him.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that this matter be dismissed, that he be awarded all costs, and attorney's fees incurred herein pursuant to 42 U.S.C. §1988, and for such other and further relief as the Court deems just and proper. As to all triable matters, Defendant requests trial by jury.

///

///

///

///

9333607.1

DATED this 29th day of April, 2021.

JONES, SKELTON & HOCHULI, P.L.C.


By */s/ Georgia A. Staton*
   Georgia A. Staton
   Ravi V. Patel
   40 N Central Avenue, Suite 2700
   Phoenix, Arizona 85004
   Attorneys for Defendant Jason McClelland

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of April, 2021, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.


/s/ *Lisa Drapeau*

7

9333607.1