Mark Brnovich
Attorney General

Michael K. Goodwin, Bar No. 014446
Assistant Attorneys General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-7674
Facsimile: (602) 542-7644
Michael.Goodwin@azag.gov

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittney Fountain,<br><br>        Plaintiff,<br><br>vs.<br><br>State of Arizona, et al.<br><br>        Defendants. | Case No: CV-21-00356-JJT<br><br>**AMENDED ANSWER OF DEFENDANT STATE OF ARIZONA** |

In response to the numbered paragraphs in the Complaint, Defendant State of Arizona (Defendant) admits, denies, and alleges as follows:

1. Admit the allegations in paragraph 1.

2. Admit only that Plaintiff has been employed as a correctional officer since 2018, and affirmatively allege that she was and is employed by the Arizona Department of Corrections, Rehabilitation, and Reentry ("the Department").

3. Admit only that the State of Arizona is a governmental entity and that the Department is a state agency. Lack sufficient knowledge or information to admit the truth of the remainder of paragraph 3, and affirmatively allege that the State is organized under the Constitution and laws of Arizona.

4. Admit only that Jason McClelland was a correctional sergeant employed by the Department, and affirmatively allege that he became a sergeant in 2017. Deny

that McClelland was a state actor. Lack sufficient knowledge or information to admit the truth of the remainder of the allegations in paragraph 4.

5. Admit only that Jeffrey Van Winkle was employed as Warden of ASPC-Florence, and affirmatively allege that he became Warden of the prison in August 2019. Lack sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 5.

6. Admit only that Charles Ryan was employed as the Department's Director from approximately 2009 to September 2019. Lack sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 6 of the Complaint.

7. Admit only that David Shinn has been employed as the Department's Director since approximately October 2019. Lack sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 7 of the Complaint.

8. Admit that the State of Arizona is and was an employer within the meaning of Title VII. Deny the other allegations in paragraph 8.

9. Paragraph 9 is a legal conclusion to which no admission or denial is required. To the extent a response is required, the allegations in paragraph 9 are denied.

10. Admit the allegations in paragraph 10.

11. Admit the allegations in paragraph 11.

12. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 12.

13. Admit the allegations in the first sentence of paragraph 13 except as to the date. Admit the allegations in the second sentence of paragraph 13.

14. Paragraph 14 contains no factual allegations to which an admission or denial is required. The State acknowledges that if there are genuine issues of material fact, this action would be triable to a jury.

15. Admit the allegations in paragraph 15.

16. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 16, and affirmatively allege that no one made allegations that McClelland engaged in inappropriate sexual conduct before July 2020.

17. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 17.

18. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 18.

19. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 19.

20. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 20, and affirmatively allege that the Department received no complaint regarding the alleged incident in 2014.

21. Admit the allegations in paragraph 21.

22. Admit that McClelland was a member of the Tactical Support Unit. Lack sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 22.

23. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 23.

24. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 24.

25. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 25.

26. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 26.

27. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 27.

28. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 28.

1. 29. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 29.

2. 30. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 30.

3. 31. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 31.

4. 32. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 32.

5. 33. Admit that the Department hired Plaintiff as a correctional officer in 2018 and later assigned her to work at ASPC-Florence. Deny the other allegations in paragraph 33, and affirmatively allege that Plaintiff was hired in July 2018 and began working at ASPC-Florence in September 2018.

6. 34. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 34, except admit that McClelland was a sergeant.

7. 35. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 35.

8. 36. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 36.

9. 37. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 37.

10. 38. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 38.

11. 39. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 39.

12. 40. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 40.

13. 41. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 41.

42. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 42.

43. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 43.

44. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 44.

45. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 45.

46. Admit that Plaintiff did not immediately report the alleged assaults. Lack sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 46.

47. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 47.

48. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 48.

49. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 49.

50. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 50.

51. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 51.

52. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 52.

53. Deny the allegations in paragraph 53.

54. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 54.

55. Admit the allegations in paragraph 55.

56. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 56.

57. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 57.

58. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 58.

59. Admit that Plaintiff returned to ASPC-Florence in December 2019. Deny the other allegations in paragraph 59.

60. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 60.

61. Admit the allegations of paragraph 61 except as to the date, and affirmatively allege that CIU began investigating on July 16, 2020, after receiving a report of the alleged assault.

62. Admit that after the CIU investigation began, Plaintiff and three other females who worked in the prison told investigators that they had been subjected to unwanted conduct of a sexual nature by McClelland. Lack sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 62.

63. Admit the allegations in paragraph 63.

64. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 64.

65. Deny the allegations in paragraph 65.

66. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 66.

67. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 67.

68. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 68.

69. Admit only that the Department transferred McClelland to ASPC-Eyman. Lack sufficient knowledge or information to admit or deny the truth of the other allegations in paragraph 69, and affirmatively allege that McClelland's transfer occurred shortly after the CIU investigation began.

70. Admit the allegations in paragraph 70.

71. Deny the allegations of paragraph 71.

72. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 72.

73. Deny that Van Winkle issued a directive that Plaintiff stay off social media. Lack sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 73.

74. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 74.

75. Admit that Van Winkle had supervisory authority over Plaintiff. Deny that Van Winkle was Plaintiff's immediate supervisor and further deny that he took any tangible employment action against her. Lack sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 75.

76. Admit the allegations in paragraph 76.

77. Admit the allegations in paragraph 77.

78. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 78.

79. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 79.

80. Admit only that Plaintiff took leave from work and has not returned. Lack sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 80.

81. The responses to paragraph 1-80 are adopted and incorporated by reference.

82. Deny the allegations of paragraph 82.

83. Deny the allegations of paragraph 83.

84. Lack sufficient knowledge or information to admit or deny the truth of the allegations in subparagraph (a) of paragraph 84. Deny the other allegations in paragraph 84.

85. Deny the allegations in paragraph 85.

86. Deny the allegations in paragraph 86.

87. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 87.

88. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 88.

89. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 89.

90. The responses to paragraph 1-89 are adopted and incorporated by reference.

91. Paragraph 91 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 91.

92. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 92.

93. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 93.

94. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 94.

95. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 95.

96. Lack sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 96.

97. The responses to paragraph 1-96 are adopted and incorporated by reference.

98. Paragraph 98 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 98.

99. Deny the allegations in paragraph 99.

100. Deny the allegations in paragraph 100.

101. Deny the allegations in paragraph 101.

102. Deny the allegations in paragraph 102.

103. Deny the allegations in paragraph 103.

104. Deny the allegations in paragraph 104.

105. Deny the allegations in paragraph 105.

106. Deny the allegations in paragraph 106.

107. Deny the allegations in paragraph 107.

108. Deny all allegations in the Complaint not specifically admitted above.

109. Deny that Plaintiff is entitled to any of the relief requested in her Complaint, and affirmatively allege that Plaintiff's claim against the State is subject to 42 U.S.C. § 1981a.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claim is barred, in whole or in part, by the statute of limitations.
2. Plaintiff failed to exhaust administrative remedies.
3. Plaintiff's claim is barred by the *Faragher-Ellerth* defense.
4. Plaintiff failed to mitigate damages.
5. Plaintiff failed to exhaust her administrative remedies.
6. Plaintiff's claim is barred, in whole or in part, by the doctrine of laches.

WHEREFORE, having fully answered Plaintiff's Complaint, the Defendant State of Arizona requests that this matter be dismissed, that it be awarded its costs and attorney's fees and such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 9th day of July, 2021.

                                    Mark Brnovich
                                    Attorney General

                                    s/ Michael Goodwin
                                    Michael K. Goodwin
                                    Assistant Attorneys General
                                    Attorneys for Defendants

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, which generates a Notice of Filing to the following CM/ECF registrants on this 9th day of July, 2021:

Anne E. Findling, Esq.
Lauren E. Channell, Esq.
ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Rd, #B-100
Phoenix, AZ 85012

Georgia A. Staton
Ravi V. Patel
JONES, SKELTON & HOCHULI P.L.C.
40 North Central Avenue
Phoenix, AZ 85004
Attorneys for Defendant Jason McClelland


s/ Deb Czajkowski
#9396583v2