WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittney Fountain, | No. CV-21-00356-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, *et al.*, | |
| Defendants. | |

At issue is Defendant Van Winkle's Motion to Dismiss (Doc. 49, MTD), to which Plaintiff Brittney Fountain filed a Response (Doc. 51, Resp.) and Van Winkle filed a Reply (Doc. 53, Reply). The Court has reviewed the parties' briefs and finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court denies Van Winkle's Motion to Dismiss.

**I.   BACKGROUND**

In this case, Plaintiff alleges Defendant Jason McClelland, Plaintiff's supervisor at the Arizona Department of Corrections, sexually assaulted her, and she seeks damages against McClelland and Warden Jeffrey Van Winkle under 42 U.S.C. § 1983 and the State of Arizona under Title VII. The Court previously recited the background facts of this case in its October 27, 2021, Order (Doc. 40), in which the Court granted in part Defendants' first Motion to Dismiss. In that Order, the Court granted Plaintiff leave to amend the § 1983 Equal Protection claim (Count Three) if Plaintiff could make non-conclusory factual allegations of intentional discrimination after her reports of harassment and sexual assault.

Plaintiff filed her First Amended Complaint (Doc. 45, FAC) on November 11, 2021, and the Court will now examine whether Plaintiff's factual allegations are sufficient to state an Equal Protection claim against Van Winkle.

## II.  LEGAL STANDARD

When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III.  ANALYSIS

Van Winkle argues the allegations in Plaintiff's First Amended Complaint are insufficient to establish purposeful discrimination or violation of a clearly established right of which a reasonable official would have known, and therefore he is entitled to qualified immunity from Plaintiff's § 1983 Equal Protection claim. (MTD at 1.)

### A.    § 1983 Equal Protection Claim

Van Winkle first argues that Plaintiff does not adequately allege a § 1983 constitutional violation against him because her allegations are "insufficient to establish that Van Winkle purposefully discriminated against Plaintiff." (MTD at 1.) Section 1983 grants every person a right of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. However, Section 1983 is "not itself a source of substantive rights." *Sampson v. Cty. of Los Angeles by & through Los Angeles Cty. Dep't of Child. & Fam. Servs.*, 974 F.3d 1012, 1018 (9th Cir. 2020). To state a § 1983 claim, Plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States" committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

When stating an Equal Protection claim under § 1983, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Sampson*, 974 F.3d at 1022. A supervisor commits intentional discrimination based on the plaintiff's sex in violation of the Equal Protection Clause if he or she consciously fails to redress sexual harassment by not "protect[ing] the plaintiff from abusive conditions created by fellow employees." *Alaska v. EEOC*, 564 F.3d 1062, 1069 (9th Cir. 2009) (quoting *Bohen v. City of E. Chicago, Ind.*, 799 F.2d 1180, 1187 (7th Cir. 1986)); *see also Bator v. State of Hawai'i*, 39 F.3d 1021, 1029 (9th Cir. 1994). A supervisor also commits intentional discrimination when he punishes the victim for reporting the assault or gives a female victim less favorable treatment compared to the male employee accused of the sexual assault. *See Alaska*, 564 F.3d at 1069; *Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154, 1167 (9th Cir. 2017).

Van Winkle argues the only new non-conclusory allegation made by Plaintiff in the FAC is her statement that Van Winkle "told McClelland he would stand by and support him," and this is not enough to allege "acts or omissions by Van Winkle that amount to an intentional failure to redress her allegations of sexual harassment." (MTD at 5.) Van Winkle also argues that "Plaintiff has not adequately alleged that Warden Van Winkle

possessed knowledge that she had been assaulted or harassed by McClelland." (MTD at 5.) Van Winkle contends that McClelland was "placed under investigation . . . immediately after allegations against him were reported," and although McClelland was initially allowed to remain in his position, he was transferred eight days after the investigation began. (MTD at 6-7.) Van Winkle also states he accepted McClelland's resignation after McClelland was arrested. (MTD at 7.) Van Winkle therefore argues that "Plaintiff has not adequately alleged that [he] purposefully discriminated against her." (MTD at 7.) Van Winkle distinguishes this case from *Bator*, where the supervisor did not investigate after Plaintiff reported the sexual harassment, and *Alaska*, where the defendant responded to the Plaintiff's report of sexual harassment by disciplining her rather than the harasser. *Bator*, 39 F.3d at 1024; *Alaska*, 564 F.3d at 1069.

In response, Plaintiff first alleges in the FAC that Van Winkle did have knowledge that she claimed McClelland sexually assaulted her. (FAC ¶¶ 70, 109.) Paragraphs 70 and 109 of the First Amended Complaint state that "Plaintiff and several other female corrections and medical employees came forward to report their experiences of being harassed or assaulted by Defendant McClelland" and that after this, "Defendant Van Winkle had actual knowledge of Defendant McClelland's unconstitutional and criminal conduct toward Plaintiff." (FAC ¶¶ 70, 109.) While these allegations, read alone, border on conclusory, they are consistent with Plaintiff's further allegations regarding Van Winkle's actions and inactions at that time. The Court finds Plaintiff's allegations sufficient to raise the plausible inference that Van Winkle had the requisite knowledge.

Plaintiff also points to other factual allegations she added to the FAC, including that Van Winkle "never placed [McClelland] on unpaid leave, [and] never reprimanded, suspended, or terminated him." (FAC ¶ 111.) Plaintiff alleges that McClelland was "first allowed . . . to continue working at ASPC-Florence without restrictions," was "provided a lateral transfer," and was "allowed . . . to voluntarily resign." (FAC ¶ 111.) Moreover, Plaintiff alleges Van Winkle verbally supported McClelland and threatened to reprimand Plaintiff if she talked about the harassment. (FAC ¶ 112.) At the motion to dismiss stage,

the court examines only the adequacy of a complaint's allegations, and the Court finds these allegations sufficient to state an Equal Protection claim against Van Winkle.

### B. Qualified Immunity

Van Winkle also argues he is entitled to qualified immunity because Plaintiff's "allegations [do not] support a determination that [his] alleged action violated any clearly established rights of which every reasonable official would have known." (MTD at 1.)

A government employee alleged to have committed a § 1983 violation is protected from liability by qualified immunity unless his or her conduct "violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In determining whether qualified immunity applies, the court looks at (1) whether the plaintiff has sufficiently pled a violation of a constitutional right, and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

When the allegation is a violation of the Equal Protection Clause, the pertinent inquiry is whether the plaintiff "set forth sufficient facts . . . that she suffered purposeful, invidious harassment." *Bator*, 39 F.3d at 1029. The right must also be clearly established, but the action itself does not need to be "held unlawful before qualified immunity is shed." *Blankenhorn v. City of Orange*, 485 F.3d 463, 480 (9th Cir. 2007) (quoting *Wall v. Cnty. of Orange*, 364 F.3d 1107, 1111 (9th Cir. 2004)). The contours of the right simply must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). While "existing precedent must have placed the statutory or constitutional question beyond debate," *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011), "public officials can still be on notice that their conduct violates established law even in novel factual circumstances." *Pelzer*, 536 U.S. at 741.

Van Winkle asserts that there is no "Supreme Court precedent clearly establishing that sexual harassment violates the Fourteenth Amendment" and that supervisors can be

held liable for employees' sexual harassment when they fail to act. (MTD at 8.) Van Winkle argues that there is only "minimal judicial guidance" and that the scope of the right is not defined. (MTD at 8.)

However, it is clearly established by the Ninth Circuit that "[s]exual harassment violates the Equal Protection Clause because, by definition, it is 'motivated by gender.'" *Sampson*, 974 F.3d at 1023 (quoting *Bator*, 39 F.3d at 1027). *Bator* also clarified that a female employee's right to be free from workplace sexual harassment was clearly established in the early 1980s and that a reasonable supervisor would have understood this. *Bator*, 39 F.3d at 1028-29. It is also sufficiently clear and beyond debate that "[e]ven if the contours of a supervisor's responsibility are uncertain, complete inaction in the face of claimed harassment cannot be objectively reasonable conduct entitling a supervisor to qualified immunity." *Bator*, 39 F.3d at 1029. *Alaska* also stated that a supervisor commits intentional discrimination when he or she punishes the victim instead of the harasser. *Alaska*, 564 F.3d at 1069.

Here, Plaintiff alleges that Van Winkle allowed McClelland to remain in his position and that he did not reprimand, discipline, or terminate him. (FAC at 13-14.) Instead, he allegedly verbally supported McClelland and threatened to reprimand Plaintiff if she posted about the matter on social media. (FAC at 14.) In this case, unlike in *Bator*, an investigation was completed, but it was an independent investigation that did not involve Van Winkle. *See Bator*, 39 F.3d at 1024. From Plaintiff's allegations, the Court can plausibly infer that Van Winkle took no or insufficient action to address Plaintiff's harassment and instead punished her. The contours of the right to be free from workplace sexual harassment are sufficiently clear and a reasonable supervisor in Van Winkle's position would have understood that his actions violated that right. From the allegations in the FAC, Van Winkle is therefore not entitled to qualified immunity.

. . . .

. . . .

. . . .

### C. Attached Exhibits

Van Winkle also argues the Court should consider his attached exhibits. (Reply at 3.) Consideration of the exhibits would not change the Court's analysis of the issues presented, and thus Van Winkle's request is moot.

### D. Conclusions

Plaintiff has pled sufficient factual allegations to support her claim that Van Winkle intentionally discriminated against her in violation of the Equal Protection Clause. Plaintiff's right to be free from sexual harassment and discrimination by supervisory officials in the workplace is clearly established, so Van Winkle is not entitled to qualified immunity. The Court did not consider Van Winkle's attached exhibits.

**IT IS THEREFORE ORDERED** denying Van Winkle's Motion to Dismiss. (Doc. 49.)

Dated this 4th day of April, 2022.

Honorable John J. Tuchi
United States District Judge